PEOPLE *v.* STROBLE

1. CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS — HEARING ON VOLUNTARINESS.

Determination that defendant's confession was voluntary was not error even though the defendant testified that he was not advised of his rights prior to his confession and that he never made a statement to the police, where the police detective, to whom the confession was made, testified that he gave defendant the required warnings of constitutional rights, because the issue before the trial court was one of credibility.

2. APPEAL AND ERROR—CLOSING ARGUMENTS—PRESERVING QUESTION.

Failure to make timely objection to the content or form of closing arguments precludes raising the question on review.

3. CRIMINAL LAW—APPEAL AND ERROR—CLOSING ARGUMENT—PROSECUTOR'S REMARKS—PRESERVING QUESTIONS.

Contention that the defendant was prejudiced by the prosecutor's remark on closing argument expressing his personal belief that the testimony of a police officer, to whom the defendant confessed, was true, was precluded from review where defendant neither objected to the form or content of the closing remarks nor requested an instruction concerning the prosecutor's remarks.

4. CRIMINAL LAW—INTERSTATE AGREEMENT ON DETAINERS—120-DAY RULE.

Defendant was not entitled to a reversal of his conviction of first-degree murder under the Interstate Agreement on Detainers Act even though his trial commenced more than 120 days after his arrival in the state where the defendant, by his own act, delayed the commencement of trial beyond the 120-

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 582–590.
[2, 3] 5 Am Jur 2d, Appeal and Error §§ 624–627.
[4] 5 Am Jur 2d, Arrest §§ 66, 75.

day limit, by seeking *habeas corpus* in federal court and where the defendant had been returned to this state for both assault with intent to murder and first-degree murder and was tried and convicted of the assault charge prior to the passing of 120 days (MCLA § 780.601).

Appeal from Recorder's Court of Detroit, Walter P. Cynar, J. Submitted Division 1 November 5, 1970, at Detroit. (Docket No. 7709.) Decided February 23, 1971. Leave to appeal denied May 20, 1971, 384 Mich 842.

Bernard Stroble was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, for defendant on appeal.

Before: Lesinski, C. J., and J. H. Gillis and Beasley,* JJ.

Per Curiam. Found guilty of first-degree murder[1] by a jury, defendant appeals, seeking reversal of his conviction.

This case arises from the shooting and killing of James Raffoul, a jewelry store clerk, in Detroit on December 24, 1965, during the course of an armed robbery. During this hold-up the jewelry store owner, Joseph Cooper, was also shot and subsequently died some months later.

---

* Circuit judge, sitting on the Court of Appeals by assignment.
1 MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).

Defendant was apprehended in New York City in connection with an unrelated offense and confessed the Detroit murder of Raffoul to a New York police detective, who testified he had not previously heard of the Detroit crime to which the defendant confessed. On trial, defendant's confession was admitted in evidence, after a full *Walker* hearing[2] by the trial judge.

It should be noted that the jury verdict did not rest solely upon the confession since the jewelry store owner, also shot in the robbery, positively identified defendant as the killer at the preliminary examination. However, he died of his wounds before trial.

In the *Walker* hearing, defendant asserted that he knew about the *Miranda* case[3] and understood the *Miranda* warnings. Specifically, defendant testified that he knew he had a right to remain silent; the right to refuse to give a statement; that if he did talk to the police what he said could be used against him; that he had a right to have counsel; that if he could not afford counsel, counsel would be furnished him; and that he had a right to have counsel present during the questioning if he chose; and that he had a right to be represented by counsel at trial, arraignment, examination, "etc." (Quoted "etc." is defendant's word.) Defendant subsequently claimed that the police did not give him *Miranda* warnings and that he never gave a statement.

However, in view of the other testimony in this record, it is unnecessary to decide whether there is any legal reason requiring a *Miranda* warning where a defendant freely and voluntarily admits he knows all about his *Miranda* rights. The New York police

---

[2] *People* v. *Walker* (On Rehearing 1965), 374 Mich 331.

[3] *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974).

detective testified unconditionally that he gave the *Miranda* warnings to defendant. If that testimony is believed, and the record would indicate the trial judge apparently did believe this testimony, there was sufficient basis for the trial judge to admit the confessions after the *Walker* hearing. The issue in the *Walker* hearing was of credibility, and the record was ample to support the trial judge's finding.

Defendant further argues that he was unduly prejudiced by the assistant prosecutor stating in closing argument his personal belief that the New York detective had told the truth. An examination of the closing argument as a whole does not give any indication that the prosecutor intended to apply any special knowledge as to the credibility of the witness. More important, no objections were raised to these remarks at the time they were made, nor was there a request made for an instruction concerning the argument. Failure to make timely objection to the content or form of closing arguments precludes raising the question on review.

Lastly, defendant claims that under the Interstate Agreement on Detainers to which Michigan has become a party pursuant to statute (MCLA § 780.601 [Stat Ann 1969 Rev § 4.147(1)]), this conviction for this murder should be reversed and an order entered dismissing these proceedings with prejudice on the ground that he was not brought to trial within the time specified in the statute. The portion of the statute relied upon by defendant provides as follows:

"In respect of any proceeding made possible by this Article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the

court having jurisdiction of the matter may grant any necessary or reasonable continuance."

The facts are that defendant was arrested in New York City in connection with a homicide that occurred there. He was tried, convicted of first-degree manslaughter under New York law, and sentenced to a 20- to 30-year term in prison. As indicated above, defendant confessed both of the Detroit jewelry store murders to the New York police. On June 27, 1968, defendant was brought to Detroit under the Interstate Agreement on Detainers in connection with both crimes. In the other case he was charged with assault with intent to murder (MCLA § 750.83 [Stat Ann 1962 Rev § 28.278]), which, for purposes of this opinion, will be designated the assault case. On June 28, 1968, he was arraigned on both the assault charge and the within murder charge. On the assault charge, preliminary examination was held on July 16, 1968. On the murder charge, preliminary examination commenced on July 16, 1968, and was continued on July 30, 1968. On August 15, 1968, a pretrial hearing was held in this murder case and October 23, 1968, was the date set for trial.

In the meantime, on September 13, 1968, defendant was notified that the assault charge was set for trial on October 1, 1968. On that date, namely 95 days after defendant was brought to Michigan, the assault trial commenced, and on October 8, 1968, defendant was convicted by jury verdict of assault with intent to murder.

The within murder case was set for trial on October 23, 1968, but on October 11, 1968, defendant applied to the Federal district court in Detroit for a writ of *habeas corpus* in connection with the within case. On the trial date, October 23, 1968, the *habeas*

*corpus* in the Federal court was still pending and unresolved.

We find that under the circumstances of this case, the pendency of the *habeas corpus* proceeding in the Federal court operated to stay application of the 120-day period provided in the Interstate Agreement on Detainers.

Eventually, on November 7, 1968, the Federal court dismissed the *habeas corpus* proceeding brought by defendant.

On December 16, 1968, defendant went to trial on this murder charge and on December 20, 1968, the jury rendered a verdict of guilty of first-degree murder against defendant.

The adjournment of trial from October 23, 1968 to December 16, 1968 was for good cause.

Under the circumstances of this case where defendant was in fact brought to trial within 120 days on one of the charges for which he was brought to Michigan, and where defendant by his own act delayed his trial to seek relief from this charge in the Federal court, this Court does not believe defendant is entitled to dismissal of this conviction under the 120-day limitation Interstate Agreement on Detainers.

Affirmed.

All concurred.