RAINEY v DEPARTMENT OF CORRECTIONS

1. CRIMINAL LAW—DETAINER—UNIFORM ACT—TIME FOR TRIAL.

The Uniform Mandatory Disposition of Detainers Act requires that a prisoner be brought to trial on an untried indictment, information or complaint of a party state within 180 days after he gives notice of his place of confinement and requests final disposition of the charge pursuant to the act, except that necessary or reasonable continuances may be granted for good cause shown (MCLA 780.601 *et seq.*).

2. CRIMINAL LAW—DETAINER—UNIFORM ACT—TIME FOR TRIAL—DISMISSAL.

The Uniform Mandatory Disposition of Detainers Act requires that a prisoner be tried within 120 days after his arrival in the receiving state, except for good cause shown, and if trial is not had within the specified time, the act requires the court having jurisdiction to dismiss the charge "and any detainer based thereon shall cease to be of any force or effect" (MCLA 780.601).

3. CRIMINAL LAW—DETAINER.

A state is free to determine what effect, if any, a detainer by a sister state will have on a prisoner's custody.

4. CRIMINAL LAW—DETAINER—PUBLIC POLICY—SPEEDY TRIAL.

A detainer that is not within the requirements of the Uniform Mandatory Disposition of Detainers Act is contrary to this state's public policy favoring speedy trial and no effect can be given such detainer where disabilities may be suffered during its pendency, because of that public policy (MCLA 780.601).

5. CRIMINAL LAW—DETAINER—NOTICE.

A letter to the district attorney of a jurisdiction requesting a detainer of a prisoner, requesting a bill of particulars and referring to the Federal Constitutional right to a speedy trial,

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 21 Am Jur 2d, Criminal Law § 250 (supp).

Accused's right to speedy trial under Federal constitution-Supreme court cases, 21 L Ed 2d 905.

satisfies the requirement of the Uniform Mandatory Disposition of Detainers Act for written notice of the place of imprisonment and request for final disposition of the pending charge (MCLA 780.601).

Original action in the Court of Appeals. Submitted Division 2 March 7, 1972, at Detroit. (Docket No. 13448.) Order entered March 7, 1972; opinion filed June 2, 1972.

Complaint by Elton Rainey for mandamus against the Department of Corrections. Judgment for plaintiff.

Elton Rainey, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stewart H. Freeman,* Assistant Solicitor General, for defendant.

Before: LEVIN, P. J., and V. J. BRENNAN and TARGONSKI,* JJ.

PER CURIAM. Plaintiff, an inmate of Jackson State Prison serving sentences imposed by the Oakland County Circuit Court, filed here a complaint for a writ of mandamus to compel defendant to strike from its records a detainer filed by the State of Louisiana. An answer in opposition was filed by defendant. We granted the relief prayed for by order entered March 7, 1972. We file this opinion for the information of the bench, the bar and the Department of Corrections.

While plaintiff was incarcerated, the sheriff of Orleans Parish, Louisiana filed a detainer with the warden of Jackson State Prison, charging plaintiff

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

with a violation of Louisiana R.S. § 14.30 "relative to murder". The detainer was based on a Louisiana grand jury indictment and an arrest warrant issued by the Criminal District Court, Orleans Parish, Louisiana on January 11, 1968.

In his complaint here, plaintiff alleged that he had made "numerous inquiries and requests of both Michigan and Louisiana authorities seeking disposition of the matter upon which the so-called 'detainer' is allegedly based. * * * . As of the date of the exhibition of this Complaint, no action has been taken in the matter". Plaintiff attached to his complaint a copy of a March 10, 1971 letter, allegedly sent to the Louisiana district attorney, in which he requested a bill of particulars as to the offense charged in the warrant and in which he advised the district attorney that he was aware of his Federal Constitutional right to a speedy trial. US Const, Am VI.

Plaintiff contended that Louisiana's refusal to either quash the indictment or to give him a prompt trial contravened his right to a speedy trial. He also contended that, by honoring the detainer, Michigan authorities were acting in concert with Louisiana in that denial. Finally, plaintiff contended that he was prejudiced by the pending detainer because defendant classified him as "close custody, maximum security", making him ineligible for trusty status and for early parole consideration.

A desire to encourage the orderly and expeditious disposition of untried charges in order to assist prisoners in securing their right to a speedy trial led some states to enact the Uniform Mandatory Disposition of Detainers Act of 1958. Michigan adopted the uniform act, 1961 PA 141; MCLA 780.601 *et seq.;* MSA 4.147(1) *et seq.,* upon a find-

ing "that charges outstanding against a prisoner, detainers based on untried indictments, informations or complaints, and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation" and upon a declaration of policy "to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints".

Article III(a) of the interstate agreement requires that a prisoner be brought to trial on an untried indictment, information or complaint of a party state within 180 days after he gives notice of his place of confinement and requests final disposition of the charge pursuant to the act, except that necessary or reasonable continuances may be granted for good cause shown. See *People v Stroble,* 31 Mich App 94 (1971).

Article IV(c) requires that a prisoner be tried within 120 days after his arrival in the receiving state, except for good cause shown. If trial is not had within the specified time, the act requires the court having jurisdiction to dismiss the charge "and any detainer based thereon shall cease to be of any force or effect".[1]

It appears that Louisiana is not a party to the interstate agreement. Am Jur 2d, Desk Book, Document No. 129. However, plaintiff does not ask this Court to direct Louisiana to comply with the uniform act or to recognize his right to a speedy trial. The only relief plaintiff seeks is that defendant be required to strike the detainer because it violates the public policy of this state favoring speedy trial. It is within our power to grant that

---

[1] MCLA 780.601, art V(c); MSA 4.147(1), art V(c).

relief because a state is free to determine what effect, if any, a detainer by a sister state will have on a prisoner's custody. *Nelson v George,* 399 US 224; 90 S Ct 1963; 26 L Ed 2d 578 (1970).

We ordered defendant to strike the Louisiana detainer from its files and records because of our conviction that it is contrary to this state's public policy favoring speedy trial to give any effect to that detainer by making plaintiff suffer any disabilities because of its pendency.

The public policy of this state in favor of an accused's right to speedy trial is declared in a number of sources, including, in addition to the interstate agreement on detainers, Const 1963, art 1, § 20; the statute requiring prompt dispositions of untried warrants, indictments, informations and complaints within this state, MCLA 780.131 *et seq.;* MSA 28.969(1) *et seq.;* and court decisions. See, *e.g., People v Harrison,* 386 Mich 269 (1971).

The Attorney General objected to a grant of the relief requested here on the grounds that plaintiff had not brought himself within the interstate agreement because he failed to make a proper demand for speedy trial pursuant to the requirements of the agreement. We hold that plaintiff's letter to the Louisiana district attorney, requesting a bill of particulars and referring to the Federal Constitutional right to a speedy trial, was sufficient. We do not decide whether in other cases a prisoner should be held to compliance with the interstate agreement where the receiving state is not a signatory to that agreement.

Our order issued March 7, 1972 is confirmed.