**UNITED STATES of America,**
**Plaintiff,**

v.

**John Franklin MASON, Defendant.**

**Crim. No. 73–85.**

United States District Court,
N. D. Ohio, W. D.

Nov. 27, 1973.

---

8.  The required amount in controversy was originally $500.

Frank Justen, Asst. U. S. Atty., Toledo, Ohio, for plaintiff.

John J. Weglian, Toledo, Ohio, for defendant.

## OPINION

DON J. YOUNG, District Judge:

This cause came to be heard upon a motion by defendant John Franklin Mason to dismiss the indictment for failure to prosecute within the time prescribed as stated in the Interstate Agreement on Detainers (hereinafter referred to as Act) 18 U.S.C. App. § 1, 84 Stat. 1397.

The Act states in pertinent part that:

(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint: *Provided,* That, for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decision of the State parole agency relating to the prisoner.

The chronology of events which give rise to this dispute are as follows:

September 7, 1972: Communication from the defendant was received by the Assistant United States Attorney, Toledo, Ohio, pursuant to Article III, Interstate Agreement on Detainers Act, 84 Stat. 1397, at 1398, informing the Government that the defendant was incarcerated in the Ohio State Reformatory, Mansfield, Ohio.

September 11, 1972: Defendant was transferred to the State of Michigan pursuant to the procedures in the Act, to stand trial for armed robbery.

February 2, 1973: Having been tried and found guilty of armed robbery, defendant was sentenced to a

term of imprisonment in the Michigan State Prison.

February 6, 1973: Defendant was returned to Ohio to complete his sentence at the Ohio State Reformatory.

April 19, 1973: Defendant was paroled from the Ohio State Reformatory and returned to Michigan to serve the time remaining on his sentence.

The defendant contends the indictment must be dismissed since the Government has not brought him to trial within the 180 day time period after he notified the Government.[1] The Government on the other hand contends that the 180 day time period has not elapsed for two reasons. First, the Government argues that out of the 225 days between September 7, 1972 and April 19, 1973 only 81 days counted towards the 180 day time period stated in the Act since 144 days are tolled. The 144 days, from September 9, 1972, to February 6, 1973, are tolled because the defendant was standing trial in Michigan and therefore unable to stand trial in this Court. Art. VI(a). Secondly, the Government argues that when the defendant was transferred on April 19, 1973, from Ohio to Michigan the communication sent by the defendant on September 7, 1972 was void since Ohio was no longer the sending state within the meaning of the statute. Art. II(b). Therefore the time after April 19, 1973 cannot be counted toward the 180 day time period. These two propositions being true, the Government contends it is clearly within the 180 day time period and the indictment should not be dismissed.

The Act, unfortunately, does not appear to anticipate a three state situation where, as in the present case, the defendant originally incarcerated in the sending state notified the receiving state[2] and prior to the receiving state acting the defendant was transferred to a third state. This leaves the Court the task of determining the purpose and intent of the Act.

## I.

Initially the Court agrees with the Government that the time period must be tolled while the defendant was standing trial in Michigan. People v. Stroble, 31 Mich.App. 94, 187 N.W.2d 474 (1971). This appears to be the only logical result, since if a person is standing trial in one state he cannot be expected to be standing trial in another state simultaneously. Therefore, the Court finds that the time was tolled for 148 days from September 11, 1972 to February 6, 1973, in that the defendant was unable to stand trial in this Court. This result requires that the Court face a second and more difficult question, whether the original communication on September 7, 1972, was void when the defendant was transferred to Michigan.

## II.

"The legislation adopting the agreement is obviously remedial in character and, thus, by familiar principle should be construed liberally in favor of the prisoner." State v. West, 79 N.J.Super. 379, 191 A.2d 758, 760 (1963). To require a prisoner to send two communications to the prosecution informing the receiving state that he desires to be brought to trial would certainly be inapposite to the *West* case and the purpose of the Act. *See* Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). The Court realizes that if the Government had sought the defendant after April 19, 1973, the defendant would not have been under the jurisdiction of Ohio, the originally sending state. To locate the defendant would place an additional burden on the Government. But to hold otherwise would place a more onerous burden on the defendant. After a prisoner has notified

---

1. There is no contention that the communication by the defendant on September 7, 1972 was not proper within the meaning of Art. III(a).

2. For purposes of the Act state is defined as ". . . a State of the United States; the United States; the District of Columbia; the Commonwealth of Puerto Rico."

the receiving state under the provisions of the Act, he has a reasonable right to believe he has fulfilled his requirement under the Act. If he is transferred to another jurisdiction, the Act does not require him to give a second notification. The receiving state, on the other hand, is ostensibly required to bring the prisoner to trial within 180 days but there are clear provisions which allow it to obtain a continuance. So that if the receiving state seeks to prosecute a prisoner and finds that he is no longer under the jurisdiction of the original sending state, the receiving state can be granted a continuance until such time that it can locate the prisoner in question. As stated above, this procedure places an additional burden upon the receiving state but it is certainly not an unreasonable one. Once the receiving state is notified by a prisoner, it is encumbent upon the receiving state to act. It must do so within 180 days or the charges are dismissed. The receiving state is aware of this requirement and it must act diligently to fulfill it. If the defendant is transferred, the receiving state would obviously be informed that the prisoner is transferred when the writ of habeas corpus *ad prosequendum* is returned unexecuted because the prisoner is no longer in the original state's jurisdiction. If, as stated above, the receiving state needs additional time to locate a "transferred" prisoner the receiving state can obtain a continuance of time which would protect the receiving state's right of prosecution. This appears to be the only logical result and is far superior to requiring a prisoner to send an additional communication to the receiving state when he is transferred from one jurisdiction to another. Since the Act does not contemplate a three state situation, an additional burden must be placed on one of the parties. It is dictated by our system of criminal justice that the Court place the additional burden on the Government rather than the prisoner-defendant.

In the present case, the Government did not seek a continuance but rather believes since April 19, 1973 "time is not running" against the statutory limit. The Court does not agree for the reasons stated above, and finds that the time has been running since April 19, 1973. Since the Government has not brought the defendant to trial within the statutory period, the Court is required by the Act to dismiss the indictment.

An order will be entered in accordance with this opinion.