Richard A. FRANKS, Plaintiff,

v.

Perry M. JOHNSON et al., Defendants.

Civ. A. No. 75–70835.

United States District Court, E. D. Michigan, S. D.

Sept. 9, 1975.

**670**

William Rastetter, Birch & Dean, East Lansing, Mich., for plaintiff.

A. Michael Leffler, Crim. Div., Lansing, Mich., for defendants.

## MEMORANDUM OPINION

FEIKENS, District Judge.

Richard A. Franks, an inmate of Southern Michigan Prison at Jackson, was sentenced on July 27, 1972 to a term of two and one-half to ten years for the crime of false pretenses with intent to defraud (M.C.L.A. § 750.218). Earlier, Franks had been indicted by New Jersey for a similar offense. Shortly after Franks' Michigan conviction a New Jersey detainer was filed with Michigan in accordance with M.C.L.A. § 780.601, the statute containing the Interstate Agree-

ment on Detainers. On February 11, 1974 Michigan offered Franks a parole to the New Jersey detainer, but he refused to accept it contending that the detainer was invalid.

New Jersey authorities first began proceedings to gain temporary custody over him under the Interstate Agreement (aforementioned) on May 22, 1975. Franks then asked the Governor of Michigan to refuse New Jersey's request for temporary custody, but that request was denied in July, 1975. Michigan has delayed his return to New Jersey pending the outcome of this action.

Franks brought suit in this court in April, 1975. His complaint was first denominated a civil rights action under 42 U.S.C. § 1983, but in June, 1975, after the New Jersey authorities had begun proceedings for temporary custody, Franks asked also for an emergency writ of habeas corpus. He bases both causes of action on his claim that Michigan authorities are giving effect to the New Jersey detainer in violation of the Interstate Agreement on Detainers. Michigan's conduct, he claims, denies his fourteenth amendment rights to due process and equal protection.

Defendants contend Franks has not exhausted his available state remedies.

■ A prisoner in state custody must exhaust these available state remedies before applying for federal habeas corpus. However, where circumstances render the exhaustion process ineffective habeas corpus relief may be considered without requiring a futile exhaustion of remedies. 28 U.S.C. § 2254(b); *Lucas v. Michigan*, 420 F.2d 259 (6th Cir. 1970).

Franks made some efforts to obtain state relief. In New Jersey he moved to dismiss the indictment and warrant; that motion was denied October 15, 1973. In Michigan Franks' complaint for mandamus and motion for order to show cause testing the validity of the detainer were denied by the Michigan Court of Appeals on December 17, 1973. He later applied for habeas corpus relief

from Jackson County Circuit Court; this was denied May 12, 1975. Franks appealed this decision to the Michigan Court of Appeals, but the court of appeals refused to consider his request for review. Franks made no further appeals. Such ordinarily are necessary for complete exhaustion of state remedies.

■ Franks' rights can no longer be effectively protected by state remedies since New Jersey is now seeking immediate custody. The court holds that these special circumstances make complete exhaustion of state remedies unnecessary.

This court accordingly has entertained Franks' petition.

Defendants also contend that petitioner did not make himself available to the courts of New Jersey because he resisted extradition even as he asked for speedy trial, citing Article III(d). They argue that he never made a request for "final disposition".

Two hearings were held. At the first hearing on August 20, 1975 the issues were defined. It appeared that the sole issue was whether Michigan followed the precise requirements of the Interstate Agreement on Detainers. Franks' underlying argument that New Jersey denied his sixth amendment right to a speedy trial in that state was held not to be before this court.

Did Michigan act properly in giving effect to the New Jersey detainer as required by the Interstate Agreement? If not, it would appear that Franks' due process and equal protection rights have been violated and the detainer should therefore be quashed.

The parties stipulated that the court's decision as to the legality of the New Jersey detainer would also dispose of Franks' civil rights claim. Franks' § 1982 action accordingly will be dismissed.

The relevant portion of the Interstate Agreement is as follows:

"Article III

"(a) Whenever a person has entered upon a term of imprisonmenmt in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officers' jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint . . . . ."

"(d) Any request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall operate as a request for final disposition of all untried indictments, informations or complaints on the basis of which detainers have been lodged against the prisoner from the state to whose prosecuting official the request for final disposition is specifically directed. The warden, commissioner of corrections or other official having custody of the prisoner shall forthwith notify all appropriate prosecuting officers and courts in the several jurisdictions within the state to which the prisoner's request for final disposition is being sent of the proceeding being initiated by the prisoner. Any notification sent pursuant to this paragraph shall be accompanied by copies of the prisoner's written notice request, and the certificate. If trial is not had on any indictment, information or complaint contemplated hereby prior to the return of the prisoner to the original place of imprisonment, such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an or-

der dismissing the same with prejudice.

"(e) Any request for final disposition made by a prisoner pursuant to paragraph (a) hereof shall also be deemed to be a waiver of extradition with respect to any charge or proceeding contemplated thereby or included therein by reason of paragraph (d) hereof, and a waiver of extradition to the receiving state to serve any sentence there imposed upon him, after completion of his term of imprisonment in the sending state. The request for final disposition shall also constitute a consent by the prisoner to the production of his body in any court where his presence may be required in order to effectuate the purposes of this agreement and a further consent voluntarily to be returned to the original place of imprisonment in accordance with the provisions of this agreement. Nothing in this paragraph shall prevent the imposition of a concurrent sentence if otherwise permitted by law."

At the hearing Franks testified as to the steps he had taken to have the New Jersey criminal case tried.

Based upon his testimony and the documents submitted by both parties, the court makes the following findings: (1) New Jersey knew of Franks' whereabouts by August, 1972. (2) Throughout 1973 Franks communicated with the New Jersey authorities, requesting a speedy trial, but asserting his unwillingness to waive extradition pursuant to Article III(e) of the Interstate Agreement. (3) On March 1, 1974, Franks wrote to the New Jersey prosecutor as follows:

"Pursuant to paragraph (a) Article III of said provisions [of the Interstate Agreement] this is a request for final disposition and whereas a request from your office for temporary custody be initiated pursuant to Article IV thereto."

(4) New Jersey made no effort to obtain Franks for trial until May, 1975.

The court concludes that Franks complied with the requirements of Article III(a) at least in the letter of March 1, 1974. This is so even though he might have also protested that he did not waive extradition. The fact that a prisoner places conditions on his Article III request is irrelevant since, *by statute*, the request itself is deemed a waiver of extradition. That being so, New Jersey was required to try Franks within 180 days of his request for final disposition. New Jersey should have tried Franks by September, 1974 at the latest; yet New Jersey waited eight months longer before making any effort to bring him to trial.

■ Since the detainer does not comply with the provisions of the Interstate Agreement, it is improper and a denial of due process and equal protection for Michigan to give effect to it. *See Rainey v. Department of Corrections*, 41 Mich.App. 313, 199 N.W.2d 829 (1972).

The court has heretofore been informed by the Assistant Attorney General representing defendants that in the event that the detainer is quashed because of invalidity petitioner will be released to a general parole.

Common sense considerations also favor Franks. He has been in prison more than three years on a two and one-half to ten years Michigan sentence. For the last one and one-half years Franks has been eligible for a parole to the New Jersey detainer, but he waived parole in order to assert his claim that the detainer was invalid. At least a year has passed since Franks made his proper request for a final disposition. Had New Jersey authorities proceeded to try Franks three years ago and had they obtained a conviction, he might have received a concurrent sentence. In any event the likelihood is that Franks would now be free on parole from both convictions.

For the reasons herein stated, the court this day enters its order quashing the detainer.