PEOPLE v DANIEL MEYERS

PEOPLE v CHARLES MEYERS

Docket Nos. 50036, 50173. Submitted June 8, 1981, at Lansing.—
Decided September 22, 1981. Leave to appeal applied for.

Daniel W. Meyers and Charles A. Meyers were charged with
armed robbery and felony-firearm. Since both were serving
prison terms in Texas, their presence for trial was sought
pursuant to the provisions of the Interstate Agreement on
Detainers. Both defendants were returned to Michigan on
March 14, 1979. On June 26, 1979, defendant Charles Meyers
filed praecipes for motions to dismiss and on July 18, 1979, filed
motions to dismiss on the basis that as to each count insuffi-
cient evidence had been produced at the preliminary examina-
tion. The Oakland Circuit Court, Frederick C. Ziem, J., denied
those motions on August 22, 1979. Both defendants went to
trial on September 11, 1979, following denial of their motions
to dismiss based upon violation of the provisions of the Inter-
state Agreement on Detainers, and were convicted of armed
robbery. Defendants appeal. *Held:*

While the 120-day period in which a prisoner being detained
pursuant to the Interstate Agreement on Detainers must be
brought to trial is tolled during those periods in which the
delay is attributable to the defendant, the tolling period in the
instant case relative to the first motions to dismiss made by
Charles Meyers would start with the filing of the motion on
July 18, not with the filing of the praecipes on June 26. Since
the 120-day period expired on July 13, the provision of the
interstate agreement was violated and the charges against
defendant should have been dismissed. Further, even if the
period of June 26 to August 22 were deemed to have been
tolled, the defendants were not brought to trial within the
period mandated by the interstate agreement. In any event,

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 21 Am Jur 2d, Criminal Law §§ 404-407.
    21A Am Jur 2d, Criminal Law §§ 658, 662.
    Validity, construction, and application of Interstate Agreement on
    Detainers. 98 ALR3d 160.

Daniel Meyers, not having notice of Charles Meyers' July 18 motions to dismiss, would not be subject to any tolling which might have resulted from the filing of those motions.

Charges dismissed.

1. CRIMINAL LAW — INTERSTATE AGREEMENT ON DETAINERS — DELAY OF TRIAL — STATUTES.

A prisoner who is brought from another state pursuant to the Interstate Agreement on Detainers for purpose of trial is to be brought to trial within 120 days of his arrival in the receiving state or the charges should be dismissed; however, any necessary and reasonable continuance granted in open court with the prisoner or his counsel present is not included in the 120 days, the trial court may toll the time period for any time the prisoner is unable to stand trial, and any delay caused by the prisoner's request or to accommodate the prisoner is not included in the 120-day period (MCL 780.701, Arts IV[c], V[c], VI[a]; MSA 4.147[1], Arts IV[c], V[c], VI[a]).

2. CRIMINAL LAW — INTERSTATE AGREEMENT ON DETAINERS — DELAY OF TRIAL.

Any tolling of the 120-day period in which a prisoner must be brought to trial pursuant to the Interstate Agreement on Detainers on the basis that the defendant induced the delay by motions in the trial court would run from the date that the defendant files the motion which results in a delay rather than the date the praecipe for the motion is filed.

3. CRIMINAL LAW — INTERSTATE AGREEMENT ON DETAINERS — DELAY OF TRIAL.

The 120-day period in which a prisoner must be brought to trial pursuant to the Interstate Agreement on Detainers is not tolled on the basis of defendant induced delay where the motion which allegedly delayed trial is brought by a codefendant of the prisoner and the prisoner did not receive notice of the codefendant's motion and was not afforded an opportunity to object to the delay such motion might cause.

4. CRIMINAL LAW — INTERSTATE AGREEMENT ON DETAINERS — PROOFS.

There is no requirement in the Interstate Agreement on Detainers that a prisoner must demonstrate that prejudice resulted from the violation of its provisions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,*

Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Lawrence G. Kaluzny,* for Daniel Meyers.

*Cooper, Shifman & Gabe* (by *Philip H. Seymour),* for Charles Meyers.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

PER CURIAM. Defendants were charged with armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Both defendants were convicted by a jury of armed robbery. The trial court sentenced defendant Charles Meyers to a term of 20 to 40 years imprisonment and Daniel Meyers to a term of 30 to 60 years imprisonment. Both defendants appeal their convictions as a matter of right. These cases have been consolidated on appeal.

Defendants raise several issues on appeal. We do not find it necessary to discuss each issue raised, however, because we find defendants' first issue dispositive of the case.

Defendants contend that Art IV(c) of the Interstate Agreement on Detainers Act requires that the charges against defendants be dismissed because they were not brought to trial within 120 days after defendants' arrival in Michigan. The Interstate Agreement on Detainers (hereinafter IAD), MCL 780.601; MSA 4.147(1), was designed to facilitate the disposition of charges in one jurisdiction when an accused is incarcerated in another

---

* Circuit judge, sitting on the Court of Appeals by assignment.

jurisdiction. *Stroble v Anderson,* 587 F2d 830 (CA 6, 1978). Article IV(c) of the IAD provides:

"In respect of any proceedings made possible by this Article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

If a prisoner is not brought to trial within the 120-day period referred to in Article IV(c), the trial court must enter an order dismissing the charge. Article V(c) provides in pertinent part:

"(c) If the appropriate authority shall refuse or fail to accept temporary custody of said person, or in the event that an action on the indictment, information or complaint on the basis of which the detainer has been lodged is not brought to trial within the period provided in Article III or Article IV hereof, the appropriate court of the jurisdiction * * * shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect."

However, there are three limitations to the provisions of the 120-day rule:

"First, the trial court may grant any necessary and reasonable continuance for good cause shown in open court with the prisoner or his counsel present, and this time does not count in the 120-day period. Art IV(c). Second, the court may toll the time periods established by the IAD for as long as the prisoner is unable to stand trial. Art VI(a), *United States v Mason,* 372 F Supp 651 (ND Ohio, 1973). And finally, if a delay is caused by the defendant's request or in order to accommodate the defendant, the period of delay attributable to defendant is not used in calculating the 120-day time

period." *People v Cook,* 95 Mich App 645, 652-653; 291 NW2d 152 (1980).

It is uncontroverted that both defendants were returned to Michigan on March 14, 1979, to stand trial for the instant armed robbery charges and an unrelated murder charge. Trial dates of May 10, 1979, and June 11, 1979, were originally set, but trials did not take place on those dates. Neither trial date was adjourned at the request of the prosecutor. Defendants did not object to the adjournment. The 120-day period expired for both defendants July 13, 1979.

We disagree with the contention of the prosecutor that the running of the IAD's 120-day period should have been tolled starting on June 26, 1979, the date on which Charles Meyers filed the first praecipes for his motions to dismiss. Any tolling would properly have commenced on the date the motions were filed, which was July 18, 1979. However, by that time the 120-day period had already elapsed (it expired on July 13, 1979).

Assuming *arguendo* that this Court accepted the prosecutor's argument that defendant Charles Meyers's 120-day period should be tolled as of June 26, 1979 (the date on which Charles Meyers first praeciped his motions to dismiss), until August 22, 1979 (the date on which the circuit court ordered the case placed again on the circuit court docket), the period between August 22 and September 11, 1979 (the date on which defendants' trial began), was 21 days. Adding this period to the 104 days which had elapsed as of June 26, 1979, the prosecutor still failed to bring the defendant to trial within the IAD's. 120-day time limit.

The instant case is distinguishable from *People v Cook,* 95 Mich App 645; 291 NW2d 152 (1980),

where the Court found no violation of IAD's 120-day requirement because:

"The record reveals that defendant initiated and proceeded with negotiations regarding his possible cooperation with the police in their investigation and possible prosecution of alleged co-conspirators. These negotiations continued for a period of at least 88 days. Accordingly, after subtracting the period of delay caused by accommodating the defendant, or per his request, we conclude that there was no violation of Article IV(c) of the IAD." *People v Cook, supra,* 654.

Here, defendant Charles Meyers's motions were made after the 120 days had elapsed and defendant's trial had not been held within the statutory period.

Defendant Daniel Meyers arrived in Michigan on March 14, 1979. His 120-day time period expired July 13, 1979. Daniel Meyers's trial was held September 11, 1979. Daniel Meyers's trial clearly did not take place within 120 days of his arrival in Michigan.

In *Foran v Metz,* 463 F Supp 1088, 1097 (SD NY, 1979), the court held that the filing of a codefendant's motion would be held against the defendant for the purposes of calculating the 120-day period where the defendant had notice of the motion and made no objection to the delay it would engender. Even if we agreed with the prosecutor and subscribed to the reasoning of *Foran,* we find the instant case is distinguishable. Here, the record reveals that Daniel Meyers did not receive notice of his codefendant's motions and was not afforded an opportunity to object to the delay they would cause. Under these circumstances, the prosecutor should have either moved for a severance or con-

tinuance in the case of Daniel Meyers in order to conform to the requirements of the 120-day rule.

There is no requirement in the Interstate Agreement on Detainers that a prisoner must demonstrate that prejudice resulted from the violation of its provisions. *Stroble v Anderson, supra,* 839-840, *Hughes v Denver Dist Court,* 197 Colo 396; 593 P2d 702 (1979).

For the reasons stated above, charges are dismissed as to both defendants.