413 So.2d 168 (1982)
STATE of Florida, Appellant,
v.
George MINNICK, Appellee.
No. 81-636.
District Court of Appeal of Florida, Second District.
April 30, 1982.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellant.
Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, St. Petersburg, for appellee.
CAMPBELL, Judge.
Appellant, State of Florida, takes this appeal from a final order entered under the authority of section 941.45, Florida Statutes (1979) (Interstate Agreement on Detainers), which dismissed an information charging appellee with burglary and which discharged appellee.
The chronology of events as revealed by the record is as follows:
September 15, 1979: Appellee was arrested on a charge of burglary of a dwelling.
October 1, 1979: An information was filed charging appellee with that offense, to which he entered his written plea of not guilty.
November 28, 1979: Trial was scheduled for this date, but prior to trial, appellee escaped and a capias was issued for his arrest.
July 18, 1980: While serving a prison sentence at the Deerfield Correctional Center in Capron, Virginia, appellee had prepared an inmate's notice of imprisonment and request for disposition of indictment, information or complaint.
July 22, 1980: The notice was received by the warden of Deerfield for delivery to the state attorney of Pinellas County, Florida. It requested disposition of a charge of escape which was alleged to be the subject of a detainer placed with Virginia by Pinellas County authorities.
August 1, 1980: Florida requested temporary custody of appellee from Virginia for the purpose of granting appellee a speedy trial pursuant to section 941.45.
September 16, 1980: Upon receipt of the request, Virginia wrote to Pinellas County's state attorney informing him that appellee was currently confined in a local Virginia jail awaiting delivery to New Mexico pursuant to a request under the Interstate Agreement on Detainers, and that upon appellee's return to Virginia, Virginia would notify Florida authorities so further proceedings could be initiated by Florida under the Interstate Agreement on Detainers.
The record is then silent until March 10, 1981, when the public defender of the Sixth *169 Judicial Circuit in Pinellas County, on behalf of appellee, filed a motion to dismiss and motion to discharge the burglary charge pending against appellee. This appeal is from the order granting that motion. We reverse.
Section 941.45(3) requires a requesting state to bring a prisoner requesting final disposition to trial 180 days after the state receives notice of such request. Young v. Mabry, 471 F. Supp. 553 (E.D.Ark. 1978). The record does not reveal the date Florida received appellee's notice though it obviously was between July 22, 1980, when Virginia received it, and August 1, 1980, when Florida made its request for temporary custody of appellee.
We conclude that the 180-day period was tolled, pursuant to section 941.45(6), during the time appellee was in the custody of New Mexico authorities and unavailable to stand trial on the Florida charge. State v. Wood, 241 N.W.2d 8 (Iowa 1976). The record does not reveal how long appellee was in New Mexico. However, inasmuch as section 941.45(6) provides that the Florida court, the court having jurisdiction of the matter, is to determine when and for how long the time is tolled by a prisoner's not being available for trial, the Florida courts would not have been required to make that determination until Virginia notified Florida that appellee had been returned to Virginia, as it had agreed to do in the letter of September 16, 1980.
As pointed out by the court in United States v. Mason, 372 F. Supp. 651 (N.D.Ohio 1973), the Interstate Agreement on Detainers does not anticipate a three-state situation where a prisoner, against whom a detainer has been placed by a second state, is incarcerated in one state and requests speedy trial by the second state, but prior to the transfer to the second state is transferred to yet a third state for trial under the agreement. We decline to apply the conclusion of the court in United States v. Mason to this cause and require Florida to "chase" appellee to a third state where, as in this case, the sending state (Virginia) had agreed to notify the receiving state (Florida) when appellee was returned. As a matter of fact, section 941.45(5)(d) and (e) seems to contemplate in a three-state situation that a prisoner in temporary custody of one "receiving" state for the purpose of disposition of pending charges in that state would not be subject to transfer to any other "receiving" or "requesting" state, as those subsections require that upon completion of prosecution in the first state the prisoner must be returned to the "sending" state.
Some further confusion is created by the statute because section 941.45(3)(a) provides that after receipt of a request by a prisoner, a receiving state desiring to prosecute must bring the prisoner to trial within 180 days of the date of receipt of the notice; yet section 941.45(4)(c) seems to contemplate that after a state has complied with the request and made demand for delivery of the prisoner, it then has 120 days from the arrival of the prisoner in the receiving state to begin the trial. Section 941.45(5)(c) then provides that if a receiving state refuses to accept temporary custody of the prisoner or accepting custody does not commence trial, then the information on the basis of which a detainer has been lodged shall be dismissed within the period of 180 days as provided in section 941.45(3) or 120 days from receipt of the prisoner as provided in section 941.45(4).
In this case, the State of Florida did not refuse custody, but its request for custody was denied. Therefore, since Florida, a receiving state, did not refuse custody or receive custody, neither the 180-day period nor the 120-day period is applicable. Finally, insofar as the record reveals, only the charge of escape and not the information for burglary which was dismissed by the trial court was the basis of a detainer lodged with the State of Virginia.
Under those circumstances appellee has not shown that he was available for trial in Florida between the time Florida requested him and the filing of his motion to dismiss. On the contrary, apparently by his own action of virtually simultaneous requests that Florida and New Mexico dispose of *170 their charges against him, he was making himself unavailable for trial to the state that did not receive him first. To interpret the statute otherwise would allow a defendant wanted for prosecution in several states to successfully avoid prosecution in some of those states by making simultaneous requests of all.
REVERSED and REMANDED.
HOBSON, A.C.J., and OTT, J., concur.