985 F.2d 577
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry VAN BUREN, Defendant-Appellant.
 No. 92-10129.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 3, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry Van Buren appeals from his sentence, imposed following a guilty plea, for concealment of property belonging to the estate of a debtor in violation of 18 U.S.C. § 152. Van Buren contends that (1) the district court erred by calculating his offense level under the United States Sentencing Guidelines based on the entire $400,000 he admitted concealing, and (2) the government breached his plea agreement by failing to consider recommending a departure below the applicable Guidelines range. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 Van Buren and his codefendants were charged in an eighteen-count indictment with several violations arising out of a loan transaction between Mary Jo Lawrence, a debtor in bankruptcy, and two investment corporations controlled by the defendants. The amount of the loan was $400,000. Pursuant to a plea agreement, Van Buren pled guilty to Count II of the indictment, which charged him with concealment of approximately $400,000 belonging to a bankruptcy estate. At sentencing, the district court calculated Van Buren's offense level using the entire $400,000 as the "amount of loss" under U.S.S.G. § 2F1.1.
 
 A. Calculation of Offense Level
 
 4
 We review de novo the district court's application of the Guidelines. United States v. Hutchison, No. 91-10225, slip op. 223, 237 (9th Cir. Jan. 13, 1993).
 
 
 5
 The parties agree, and we concur, that section 2F1.1 ("Fraud and Deceit") is the guideline most applicable to Van Buren's offense. See U.S.S.G.App. A and intro. comment. Although Van Buren was sentenced on February 10, 1992, the district court applied the 1988 Guidelines in effect on the date of his offense due to a disadvantageous change in the offense level for fraud. See United States v. Sweeten, 933 F.2d 765, 772 (9th Cir.1991) (per curiam). Under the applicable Guidelines, the base offense level for fraud is 6, and an additional seven levels are added if the amount of loss is between $200,000-500,000. The commentary to section 2F1.1 directs the district court to refer to the commentary to section 2B1.1 when setting the amount of loss from fraud. U.S.S.G. § 2F1.1, comment. (n. 7). That section, in turn, states that "[l]oss means the value of the property taken.... Ordinarily, when property is taken ... the loss is the fair market value of the particular property at issue." U.S.S.G. § 2B1.1, comment. (n. 2). Whether or not property which has been taken is ultimately recovered and restored to the victim is irrelevant to the "value" of the offense. See id.
 
 
 6
 Van Buren characterizes his fraud offense as a loan, and argues that the post-November 1, 1991 version of Application Note 7(b) to section 2F1.1 ("Fraudulent Loan Application and Contract Procurement Cases") should have been applied to his offense level.[1] He contends that pursuant to this commentary, the amount of loss caused by his actions was actually zero because the fraudulent loan was fully secured by properties he had pledged as security. The government concedes the retroactivity of the amendment to Application Note 7(b) but contends that it does not benefit Van Buren because the collateral he pledged in return for the loan was worthless. The district court found that the value of the collateral was irrelevant because Application Note 7(b) does not apply to Van Buren's offense.
 
 
 7
 We agree with the district court's reasoning and so do not address the government's concession of the amendment's retroactivity. Application Note 7(b) is inapplicable on its face because Van Buren's offense was not a "fraudulent loan."
 
 
 8
 Van Buren was charged in Count II of the indictment with fraudulent concealment of approximately $400,000 of property belonging to a bankruptcy estate. In the plea agreement, he admitted this conduct and stipulated that the amount of money he concealed was approximately $400,000. The fact that the concealment was achieved by way of a loan transaction does not change the nature of his offense of conviction from "concealment" to "fraudulent loan," and consequently, Application Note 7(b) does not apply. Regardless of whether Van Buren intended to eventually repay Mary Jo Lawrence, or whether the loan was actually secured, the fair market value of the property he concealed from the bankruptcy estate remains $400,000. See U.S.S.G. § 2B1.1, comment. (n. 2). Accordingly, we hold that the district court's calculation of his offense level under section 2F1.1 was correct.
 
 B. Breach of Plea Agreement
 
 9
 Generally, a claim that a plea agreement has been breached cannot be raised for the first time on appeal, unless the record reveals that "plain error has occurred and an injustice might otherwise result." United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991); see United States v. Nakagawa, 924 F.2d 800, 803 (9th Cir.1991) (declining to consider alleged breach of plea agreement because appellate court will review issue not raised below only when "the question is a purely legal one and the record has been fully developed prior to appeal"). An alleged breach of a plea agreement is a fact-specific claim and is "precisely the type of claim that a district court is best situated to resolve." Flores-Payon, 942 F.2d at 560.
 
 
 10
 Here, the parties agreed that if Van Buren had successfully completed restitution by the date of sentencing, the government would consider recommending a sentence below the applicable Guideline range. Van Buren contends that the government's failure to consider making this recommendation breached the agreement even though he had not made any restitution by the time of sentencing. He claims that his inability to complete restitution was caused by the dilatory actions of the bankruptcy trustee, who is a government agent. Nonetheless, because he never argued to the district court that the trustee's actions breached the plea agreement, the record is not sufficiently developed to allow us to review his claim. Van Buren admits that he knew before sentencing that the trustee had not yet executed the foreclosure on which his restitution allegedly depended, and he has offered no explanation for his failure to alert the district court to the alleged breach.[2] Accordingly, we decline to consider it here. See Nakagawa, 924 F.2d at 803-804.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Application Note 7(b) states that where the offense involves fraudulent misrepresentation of the defendant's capabilities in order to obtain a loan or procure a contract, the amount of loss is the actual or expected loss to the victim rather than the face value of the loan or contract
 
 
 [2]
 Van Buren argues that he should be permitted to raise this claim for the first time on appeal because the government allegedly intended not to honor the agreement even if he had completed restitution, and this intent was not revealed until after sentencing. As Van Buren had not completed restitution by the time of sentencing, however, the government's intentions in the event that he had done so never became relevant. Van Buren can only prove a breach of the agreement by reference to the alleged actions of the bankruptcy trustee, which he failed to raise below