988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel GUEVARA, Defendant-Appellant.
 No. 92-50255.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1993.
Decided Feb. 23, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-90-981-SVW; Stephen V. Wilson, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before BEEZER, BRUNETTI and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Samuel Guevara pleaded guilty to one count of unarmed bank robbery in violation of 18 U.S.C. § 2113(a), and now challenges the determination of his sentence under the Sentencing Guidelines. Specifically, Guevara alleges that the district court's reliance on the charging documents in determining that his second-degree burglaries were crimes of violence was inappropriate. The district court concluded that Guevara is a career offender since his seven prior residential burglary convictions are considered crimes of violence under § 4B1.1 of the Sentencing Guidelines. We affirm.
 
 
 3
 In Taylor v. United States, 495 U.S. 575 (1990), the Supreme Court stated that the sentencing court can go beyond the conviction and the corresponding criminal statute and look to the charging documents or jury instructions to determine whether a prior conviction is a predicate conviction for enhancement purposes. See United States v. Sweeten, 933 F.2d 765, 769-70 (9th Cir.1991). Although the categorical approach set forth in Taylor was developed in the context of the Armed Career Criminal Act, this court has applied the Taylor categorical test to the Sentencing Guidelines for career offender determinations. United States v. Becker, 919 F.2d 568, 570 (9th Cir.1990), cert. denied, 111 S.Ct. 1118 (1991). Therefore, the district court did not err in relying on the charging papers for each of Guevara's prior second-degree burglary convictions to determine his career offender status.
 
 
 4
 The allegations contained in the charging papers for each of Guevara's second-degree burglary convictions fall squarely within the definition of "generic burglary" set forth in Taylor. A generic burglary is "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor, 495 U.S. at 598. Nonconsensual entry into a premise is not an essential ingredient of burglary under the Taylor definition. Id. at 598. We have adopted the Taylor definition of burglary. United States v. Dunn, 946 F.2d 615, 620 (9th Cir.), cert. denied, 112 S.Ct. 401 (1991) (a charging paper accusing the defendant with "unlawfully entering" another's dwelling with the intent to commit larceny clearly falls within the Supreme Court's definition of burglary).
 
 
 5
 Under the Sentencing Guidelines, a residential burglary, regardless of its classification as first-degree or second-degree burglary, is a crime of violence because there is danger inherent in a residential burglary. Becker, 919 F.2d at 571-72. Since Guevara, by his charging papers, was accused and convicted of entering a residence with intent to commit larceny, his second-degree burglaries should be considered crimes of violence under the Sentencing Guidelines.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3