8 F.3d 33
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willy Elmer SWEETEN, Defendant-Appellant.
 No. 92-30371.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 16, 1993.
 
 Before: WALLACE, WRIGHT, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Willy Sweeten appeals the district court ruling at his resentencing hearing that his prior Ohio conviction for aggravated assault was a predicate offense pursuant to the sentence enhancement provisions of 18 U.S.C. § 924(e)(1). Sweeten contends that his conviction was not based on a voluntary and intelligent guilty plea and that he was denied the effective assistance of counsel when entering his plea. We affirm the judgement of the district court.
 
 PROCEEDINGS
 
 3
 On May 22, 1990, Sweeten pleaded guilty to the charge of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The United States contended, at the August 10, 1990, sentencing hearing, that Sweeten qualified as an armed career criminal due to three previous violent felony convictions, as required by 18 U.S.C. § 924(e). Sweeten argued that his previous conviction in Texas for burglary of a habitat could not be used as a predicate conviction and the district court agreed, sentencing Sweeten to twenty-one months in prison. The United States appealed the district court's finding and this Court reversed and remanded for resentencing. United States v. Sweeten, 933 F.2d 765 (9th Cir.1991).
 
 
 4
 On August 18, 1992, the district court held a resentencing hearing at which Sweeten challenged the use of a prior Ohio conviction for aggravated assault as a predicate offense for sentence enhancement under 18 U.S.C. § 924(e). The district court rejected Sweeten's argument, sentencing him to fifteen years in prison as an armed career criminal. It is this finding which Sweeten is currently appealing.
 
 FACTS
 
 5
 Sweeten contends that his 1985 conviction for aggravated assault in Ohio could not be used as a predicate offense because it was based on an invalid guilty plea. Sweeten maintains that he had a persuasive self-defense claim to the charge which he was never allowed to present. According to Sweeten's December 17, 1991 affidavit in support of this appeal, he was attacked by his future brother-in-law and his nephew in the home they all shared. While he and his brother-in-law, the eventual victim, struggled, the nephew struck Sweeten with numchucks. Sweeten responded by pulling his knife and telling the men to stop. The attack continued and Sweeten stabbed the victim once.
 
 
 6
 The prosecution's version of the story, provided at the plea hearing, is limited to the fact that a fight broke out in the house shared by Sweeten, his girlfriend, his future brother-in-law (the victim) and the victim's nephew. This version closely parallels Sweeten's story at the plea hearing, in which he stated: "... me and my future brother-in-law and his nephew got into it at the house, and I happened to cut one of 'em because I got myself in danger and went on. So, I'm guilty of actually cutting a man with a knife."
 
 
 7
 According to Sweeten, the judge at his first appearance in the municipal court of Columbiana County, Ohio, informed him that Ohio allowed no claims of self-defense due to a seventeenth-century English dueling law. Because of this information, Sweeten failed to raise the subject of self-defense with his attorney or with the judge who accepted his guilty plea. At his plea hearing, Sweeten never mentioned the fact that he had been told that he could not raise a self-defense claim. The records of the Ohio court are not available because they are routinely destroyed after six months.
 
 ANALYSIS
 Voluntariness of Sweeten's Guilty Plea
 
 8
 The voluntariness of a guilty plea is a question of law reviewed de novo, Marshall v. Lamberger, 459 U.S. 422, 431, (1983); U.S. v. Newman, 912 F.2d 1119, 1123 (9th Cir.1990), while factual matters concerning the prior conviction are reviewed for clear error. Id. at 1123. Sweeten contends that his plea was not voluntary because he did not intelligently waive his right to present a claim of self-defense. The Constitution requires that a defendant who pleads guilty explicitly waive three important rights: the privilege against self-incrimination, the right to trial by jury and the right to confront one's accusers. Boykin v. Alabama, 395 U.S. 238, 243 (1969). The judge at Sweeten's plea hearing made quite certain that Sweeten understood and waived these important rights.
 
 
 9
 Sweeten waived the three required rights, yet argues that his plea was involuntary because the judge did not inquire into the possibility of a claim of self-defense. Everything in the record indicates that Sweeten had ample opportunity to raise the issue of self-defense with his attorney and with the judge. The judge presented Sweeten with a Judicial Advice to Defendant form, which indicated in its eighth paragraph that "If you had a trial, every defense you might have could be introduced in your favor, no matter what the defense might be." During the plea hearing, Sweeten's attorney informed the judge that he had reviewed the document with his client and that his client had demonstrated that he understood the document. The judge himself questioned Sweeten about the Judicial Advice form, and Sweeten stated that he had reviewed the form with his attorney and that he had no questions about the form.
 
 
 10
 Before accepting his plea, the judge gave Sweeten repeated opportunities to voice any reservations he might have had about the proceedings. Nothing in Sweeten's responses would have given the judge any reason to believe that his plea was anything but intelligent and voluntary. Sweeten's mere assertion that he was told that self-defense was not available in Ohio fails to show that his plea was invalid, especially when everything in the record supports the plea's validity.
 
 Effective Assistance of Counsel
 
 11
 In Hill v. Lockart, 474 U.S. 52, 58 (1985), the Supreme Court held that the two-part Strickland v. Washington, 466 U.S. 668, 694 (1984), test applies to challenges to guilty pleas based on ineffective assistance of counsel. The test, as applied to guilty pleas, requires that the defendant show: (1) that counsel's representations fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill at 58.
 
 
 12
 Sweeten fails to carry the burden on either prong of this test. As a result of his guilty plea, Sweeten was convicted of a fourth degree felony, as opposed to the second degree felony he originally faced. Frederic Naragon, Sweeten's attorney, appears, from the record, to have represented Sweeten adequately, gaining for his client a lesser prison term than he might otherwise have received. Sweeten presents nothing beyond his bald assertion to support his contention that Naragon's representation fell below an objective standard of reasonableness. More than such a simple assertion is necessary for a defendant to satisfy his burden of establishing that his attorney failed to represent him adequately.
 
 
 13
 Sweeten also fails on the second prong. In his affidavit in support of this appeal, Sweeten states that he entered his plea of guilty because he believed that he had no claim of self-defense, contending that he would otherwise have gone to trial. Sweeten offers no other support for his contention that, but for Naragon's ineffective assistance, he would have insisted on going to trial. The record is, however, replete with statements by Sweeten explicitly waiving his right to trial. Sweeten fails to show that, but for the ineffective assistance of counsel, he would not have pled guilty.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3