113 F.3d 150
 97 Cal. Daily Op. Serv. 3298, 97 Daily Journal
D.A.R. 5709
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis MAGALLON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert GONZALES, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis E. ESTRADA-HERNANDEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerardo DELGADO-GARIBAY, Defendant-Appellant.
 Nos. 95-10438, 95-10446, 95-10447 and 96-10007.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 10, 1997.
Decided May 5, 1997.
 
 Joseph F. Walsh, Los Angeles, California, Joseph Wiseman, Petaluma, California, James R. Homola, Fresno, California, Carolyn Phillips, Milrod & Phillips, Fresno, California, for defendants-appellants.
 Kathleen A. Servatius, Assistant United States Attorney, Fresno, California, for plaintiff-appellee.
 Appeals from the United States District Court for the Eastern District of California, Oliver W. Wanger, District Judge, Presiding. D.C. Nos. CR-94-05011-07-OWW, CR-94-05011-04-OWW, CR-94-05011-06-OWW, CR-94-05011-05-OWW.
 Before: HUG, Chief Judge; THOMPSON and KLEINFELD, Circuit Judges.
 DAVID R. THOMPSON, Circuit Judge:
 
 
 1
 This case presents a question of first impression in this circuit: does the district court commit plain error in sentencing a defendant for a drug crime involving methamphetamine when the district court sentences the defendant under the Sentencing Guideline formula for D-methamphetamine rather than L-methamphetamine and the government has presented no evidence as to which type of methamphetamine was involved? Our answer is that the court commits plain error in this circumstance, the error affects the defendant's substantial rights, and the failure to correct the error would seriously affect the fairness and integrity of judicial proceedings. We therefore vacate the defendants' sentences and remand their cases to the district court for resentencing.[1]
 
 
 2
 * Jose Louis Magallon, Robert Gonzales, Luis E. Estrada-Hernandez, and Gerardo Delgado-Garibay (collectively "defendants") were each convicted after a jury trial of conspiring to manufacture and distribute methamphetamine and/or manufacturing or aiding and abetting in the manufacture of "methamphetamine" in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 2.
 
 
 3
 The drug methamphetamine exists in two isomeric forms. United States v. Dudden, 65 F.3d 1461, 1470 (9th Cir.1995). L-methamphetamine produces little or no effect when ingested, whereas D-methamphetamine produces an intense high. United States v. McMullen, 98 F.3d 1155, 1156 (9th Cir.1996). At the time the defendants were sentenced, the Sentencing Guidelines (through the Drug Equivalency Tables) imposed substantially lower sentences for crimes involving L-methamphetamine than crimes involving D-methamphetamine. See United States v. Bogusz, 43 F.3d 82, 89 (3d Cir.1994), cert. denied, 514 U.S. 1090, 115 S.Ct. 1812, 131 L.Ed.2d 736 (1995); USSG § 2D1.1, comment. (n.10) (Drug Equivalency Tables) (Nov.1990).[2]
 
 
 4
 At the time of sentencing in the present case, the government had in its possession small traces of methamphetamine obtained from objects seized from some of the conspirators. It did not, however, present any evidence at trial or during sentencing that the drug involved in the conspiracy was Drather than L-methamphetamine.
 
 
 5
 The probation officer who prepared the defendants' presentence reports referred to the drug simply as "methamphetamine," but assumed it was D-methamphetamine in calculating the recommended base offense levels under the Guidelines. None of the defendants objected at sentencing to the base offense levels recommended in the presentence reports or to the government's failure to produce any evidence that the drug involved was D-methamphetamine. The district court made no finding as to the type of methamphetamine involved, but used the base offense levels recommended in the presentence reports in calculating the defendants' sentences.[3]
 
 
 6
 On appeal, the defendants argue that the district court plainly erred in sentencing them for a crime involving D-methamphetamine when the government introduced no evidence as to the type of methamphetamine involved. They urge us to vacate their sentences and remand for resentencing using the formula for L-methamphetamine. Resentencing the defendants on the basis of L- rather than D-methamphetamine would substantially lower their sentence ranges under the Guidelines.
 
 II
 
 7
 The Eighth and Tenth Circuits have held that a district court does not commit plain error in the circumstances of this case. See United States v. Griggs, 71 F.3d 276, 282 (8th Cir.1995); United States v. Deninno, 29 F.3d 572, 580 (10th Cir.1994), cert. denied, 513 U.S. 1158, 115 S.Ct. 1117, 130 L.Ed.2d 1081 (1995). The court in Deninno stated that "factual disputes [related to sentencing] do not rise to the level of plain error." Id. at 580.
 
 
 8
 The Third and Eleventh Circuits, on the other hand, have held it is plain error to sentence defendants for a drug crime involving D-methamphetamine when the government fails to introduce any evidence as to the type of methamphetamine involved. See United States v. Ramsdale, 61 F.3d 825, 832 (11th Cir.1995); United States v. Bogusz, 43 F.3d 82, 90 (3rd Cir.1994), cert. denied, 514 U.S. 1090, 115 S.Ct. 1812, 131 L.Ed.2d 736 (1995). The Third Circuit explained: "[C]onsidering the magnitude of the difference in sentencing that could result from the application of the wrong organic isomer, we think the sentencing court's failure to make this determination would result in a grave miscarriage of justice." See Bogusz, 43 F.3d at 90. The Eleventh Circuit reasoned "[t]he government and the district court should have known that findings as to the type of methamphetamine were required. The failure to make such findings had a profound impact on the range of possible sentences imposed." Ramsdale, 61 F.3d at 832. In both Ramsdale and Bogusz, the courts of appeals vacated the defendants' sentences and remanded for resentencing to allow the government to meet its burden. Id.; Bogusz, 43 F.3d at 91.
 
 
 9
 Plain error, of course, is the crucial inquiry. Here, the defendants failed to object to the district court's application of the sentencing formula for D-methamphetamine. Because the defendants failed to object, we may reverse the district court only if it erred, the error was "plain," and it affected the defendants' substantial rights. United States v. Olano, 507 U.S. 725, 731-36, 113 S.Ct. 1770, 1776-79, 123 L.Ed.2d 508. Where error is plain, we have discretion to correct it or let it stand. Id. at 735-36, 113 S.Ct. at 1778-79; Fed.R.Crim.P. 52(b). Nevertheless, we should "correct a plain forfeited error affecting substantial rights if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.' " Id. at 736, 113 S.Ct. at 1779.
 
 
 10
 The government bears the burden at sentencing of proving by a preponderance of the evidence the type of methamphetamine involved in a drug offense. Dudden, 65 F.3d at 1470; United States v. Harrison-Philpot, 978 F.2d 1520, 1522-23 (9th Cir.1992), cert. denied, 508 U.S. 929, 113 S.Ct. 2392, 124 L.Ed.2d 294 (1993). In Dudden, the defendant objected to the district court sentencing him under the guidelines for D-methamphetamine. He challenged the sufficiency of the government's evidence. The district court found the methamphetamine was D-methamphetamine and based its sentence on that finding. On appeal, we reversed. We held the district court had clearly erred in finding the methamphetamine was D-methamphetamine when the only evidence produced by the government consisted of two affidavits from DEA agents stating generally that clandestine methamphetamine labs almost always manufacture D-methamphetamine and that they had never personally found pure L-methamphetamine in any such lab. Dudden, 65 F.3d at 1471-72.
 
 
 11
 Dudden was decided before the district court sentenced any of the defendants here. Given our holding in Dudden, the district court erred when it computed the defendants' sentences using D-methamphetamine. The error was also "plain." Whereas in Dudden there was at least some evidence, though insufficient, that the drug involved was D-methamphetamine, here there was no evidence at all.
 
 
 12
 The government argues the defendants have not established their rights were substantially affected because they have not shown they were prejudiced by the error. We disagree. The defendants were sentenced as if the methamphetamine were D-methamphetamine without any proof that it was. In this sense the prejudice is obvious. But it is not in this sense that the government couches its prejudice argument. The government contends that because the defendants went along with the court's sentencing without any objections, they indicated their satisfaction with this aspect of the sentencing process and were not prejudiced as a result. The essence of this argument is that the defendants did not simply forfeit the district court's error by not objecting, they waived the error.
 
 
 13
 Under Olano, "forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.' " Olano, 507 U.S. at 733, 113 S.Ct. at 1777 (quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1930)). "Mere forfeiture, as opposed to waiver, does not extinguish an 'error.' " Id.
 
 
 14
 In the circumstances of this case, we cannot conclude the defendants intentionally relinquished or abandoned their right not to be sentenced for D-methamphetamine without proof that was the drug involved. It is true the defendants might have been alerted to the likelihood the district court would compute their sentences on the basis of D-methamphetamine, because that is what the probation officer did in the presentence reports. The presentence reports made no mention of the type of methamphetamine involved, but the recommended base offense levels could only have been calculated using D-methamphetamine.
 
 
 15
 Even if the defendants should have been alerted by the presentence reports to how the district court might compute their sentences, they retained the right to be sentenced for D-methamphetamine only if there was evidence to support a finding that D-methamphetamine was the type of methamphetamine involved. The defendants did not intentionally waive or abandon that right. Instead, when the district court sentenced them under the guideline applicable to D-methamphetamine without any evidence to support such sentencing, and the defendants failed to object, they forfeited the district court's error.[4]
 
 
 16
 The error affected the defendants' substantial rights. As the Eleventh Circuit stated, the error "had a profound impact on the range of possible sentences imposed." See Ramsdale, 61 F.3d at 831. Because it would seriously affect the fairness and integrity of judicial proceedings to allow the error to stand, we vacate the district court's sentence and remand these cases for resentencing.
 
 
 17
 Although in Dudden we remanded with instructions to the district court to resentence the defendants on the basis of L-methamphetamine rather than D-methamphetamine, we impose no such restriction here. The sentencing posture in this case is different from Dudden. In Dudden, both sides presented evidence at the sentencing hearing on the type of methamphetamine involved. Dudden, 65 F.3d at 1471. The court considered that evidence and made its finding. Id. Here, by contrast, the type of methamphetamine involved has never been litigated. The sentencing hearing simply proceeded on the assumption that the drug involved was D-methamphetamine. In this circumstance, the appropriate remedy is to vacate the defendants' sentences and remand for a sentencing hearing at which the government will bear the burden to establish by a preponderance of the evidence the type of methamphetamine involved. See Ramsdale, 61 F.3d at 830-32; Bogusz, 43 F.3d at 91.
 
 
 18
 Sentences VACATED; REMANDED for resentencing.
 
 
 
 [1]
 In a memorandum disposition filed concurrently with this opinion, we have affirmed the defendants' convictions and the district court's rulings on the other sentencing issues raised in the defendants' appeals
 
 
 [2]
 The guidelines have since been amended to eliminate any distinction in sentencing between L- and D-methamphetamine. See USSG App. C (Amendment 517) (Nov.1995). Here, however, we apply the Guideline provisions in effect at the time the defendants were sentenced. See United States v. Sweeten, 933 F.2d 765, 772 (9th Cir.1991)
 
 
 [3]
 We cannot infer from the district court's silence that it impliedly found the methamphetamine to be D-methamphetamine, based upon its computation of the defendants' offense levels as if the methamphetamine were D-methamphetamine. There was no evidence to support such a finding
 
 
 [4]
 The government's reliance on United States v. McMullen, 98 F.3d 1155 (9th Cir.1996), for the proposition that if a defendant fails to raise the issue of methamphetamine type in the district court, he is barred from raising the issue on appeal, is misplaced. McMullen barred the defendant from raising the issue on collateral review; the present case involves direct appeal