**Piyadaj W. SALERES, Petitioner–Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE Respondent–Appellee.**

No. 00–16503.

D.C. No. CV–99–00926–DAE–LEK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Nov. 30, 2001.

Before THOMPSON, O'SCANNLAIN, and BERZON, Circuit Judges.

## MEMORANDUM *

The Immigration and Naturalization Service denied Piyadaj W. Saleres's application for naturalization because of his prior conviction for the sale or transportation of marijuana. The district court dismissed Saleres's petition for review, finding that his conviction was an aggravated felony barring him, as a matter of law, from establishing good moral character. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse and remand for a determination of whether judicially noticeable documents or judicially noticeable facts clearly establish that Saleres's 1992 conviction constitutes an "aggravated felony" within the meaning of 8 U.S.C.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

§ 1101(a)(43)(B). *See United States v. Martinez,* 232 F.3d 728, 733–34 (9th Cir. 2000); *United States v. Sweeten,* 933 F.2d 765, 769 (9th Cir.1991).

We review de novo the question whether Saleres's conviction constitutes an aggravated felony. *United States v. Rivera–Sanchez,* 247 F.3d 905, 907 (9th Cir.2001) (en banc).

■ Saleres's conviction for the sale or transportation of marijuana under California Health and Safety Code § 11360(a) is not, per se, an aggravated felony. *Id.* To determine whether his conviction is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), we apply the categorical approach from *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See Rivera–Sanchez,* 247 F.3d at 908. We consider: (1) whether the statutory definition of Saleres's offense falls within the scope of 8 U.S.C. § 1101(a)(43)(B); and (2) whether judicially noticeable documents or judicially noticeable facts show that he was convicted of a qualifying offense. *See Martinez,* 232 F.3d at 733–34; *Sweeten,* 933 F.2d at 769.

■ While a conviction for the *sale* of marijuana would constitute an aggravated felony, a conviction for *transportation* would not. *See Martinez,* 232 F.3d at 734 (noting difference between "transportation" and "importation"); *United States v. Casarez–Bravo,* 181 F.3d 1074, 1077 (9th Cir.1999) (transportation of marijuana for personal use not an aggravated felony). In the present case, the record contains copies of the information filed against Saleres in the state court criminal proceeding and the minutes of the state trial court. This documentation, however, does not clearly establish that Saleres was convicted of the sale, as opposed to the transportation, of marijuana.

■ At the time this case was in the district court, we had not issued our decision in *Rivera–Sanchez.* Before that decision, it was fairly well established that any conviction under California Health & Safety Code § 11360(a) constituted an aggravated felony. Not surprisingly, therefore, neither party fully developed the record regarding Saleres's conviction. On appeal, Saleres lodged with this court, as part of his motion to supplement the record, a transcript of his state court bench trial which led to his conviction. We have considered Saleres's motion to supplement the record on appeal with this new evidence, and deny that motion. The district court is the proper court to determine, in the first instance, whether this documentation constitutes a judicially noticeable document or judicially noticeable facts which should be considered, together with other such documents and facts, in determining whether Saleres's conviction is an aggravated felony. The district court, however, may not inquire into the facts underlying the conviction. *See Sweeten,* 933 F.2d at 769.

We remand this case to the district court to permit that court, consistent with *Taylor, Rivera–Sanchez, Martinez* and *Sweeten,* to determine whether Saleres was convicted of the sale of marijuana, as opposed to the sale *or transportation* or simply the transportation, of marijuana.

REVERSED AND REMANDED.