**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Paul Joseph ROGERS, Defendant—
Appellant.**

**No. 02–30131.**

**D.C. No. CR–01–02078–WFN.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 11, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Paul Joseph Rogers appeals his sentence following his guilty plea conviction for distribution of methamphetamine in violation of 21 U.S.C. § 841. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Rogers contends he is entitled to a downward departure for aberrant behavior under U.S.S.G. § 5K2.20. A district court's discretionary refusal to depart from a prescribed sentencing guideline range is unreviewable on appeal unless the district court rested its decision on an erroneous belief that it lacked the authority to depart. *See United States v. Rivera–Sanchez,* 222 F.3d 1057, 1064 (9th Cir.2000). Here, the district court recognized its authority to depart, so we lack jurisdiction to review its decision not to depart. *Id.*

Rogers' contention that the district court erred in failing to give a statement of reasons for imposing a sentence of 40 months is unpersuasive. The statute Rogers cites, 18 U.S.C. § 3553(c)(1), requires a statement of reasons only when the sentencing *range* exceeds 24 months. Here, the sentencing range of 37 to 46 months is too short to be covered by the statute. *See United States v. Sweeten,* 933 F.2d 765, 768 (9th Cir.1991) (per curiam).

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.