UNITED STATES of America, Plaintiff—Appellee,

v.

Michael Lee BECKMAN, Defendant—Appellant.

No. 03–30586.

D.C. No. CR–03–00096–RRB.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 29, 2005.

Daniel J. Bryant, Esq., U.S. Department of Justice Office of the Associate Attorney

General, Washington, DC, for Plaintiff–Appellee.

Rich Curtner, Esq., Federal Public Defender's Office, Anchorage, AK, for Defendant–Appellant.

Appeal from the United States District Court for the District of Alaska, Ralph R. Beistline, District Judge, Presiding.

Before GOODWIN, BRUNETTI, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Defendant Michael Lee Beckman pled guilty to one count of unlawful possession of a handgun in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e), and one count of possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). The unlawful possession count triggered the provisions of 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act (the "ACCA"), pursuant to which the district court imposed a 180–month mandatory minimum sentence. Beckman challenges his sentence, arguing the ACCA should not have been applied in his case.

The Armed Career Criminal Act requires the imposition of a 15–year minimum sentence when a defendant is convicted of an offense under 18 U.S.C. § 922(g) and has been convicted previously of three "violent felonies." 18 U.S.C. § 924(e)(1). Beckman contends that the district court erred because one of his

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

predicate offenses, a second-degree burglary conviction under Alaska law, does not constitute a "violent felony" for purposes of the ACCA. We review that question de novo. *See United States v. Sweeten,* 933 F.2d 765, 768 (9th Cir.1991).

Although the ACCA expressly includes "burglary" in its definition of "violent felony," *see* 18 U.S.C. § 924(e)(2)(B)(ii), this court has previously held that a burglary conviction under Alaska law is not necessarily a "violent felony" because the Alaska burglary statutes exceed the scope of the generic definition of "burglary" applicable to the ACCA. *See Taylor v. United States,* 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (*"Taylor"*); *United States v. Sparks,* 265 F.3d 825, 834 (9th Cir.2001). However, both the Supreme Court and this court have made clear that a burglary conviction under a nongeneric statute, such as Alaska's second-degree burglary statute, may qualify as a "violent felony" for purposes of the ACCA if the charging documents, in combination with a signed plea agreement, guilty plea, transcript of plea proceedings, or judgment, reflect that the defendant pled guilty to a crime that contains all the elements of generic "burglary." *See Shepard v. United States,* —— U.S. ——, —— – ——, 125 S.Ct. 1254, 1259–60, 161 L.Ed.2d 205 (2005); *United States v. Velasco–Medina,* 305 F.3d 839, 852–53 (9th Cir.2002).

Here, the indictment, together with the judgment of conviction, makes clear that Beckman's Alaska conviction satisfies *Taylor's* generic definition of "burglary." Contrary to Beckman's arguments, *Taylor's* generic definition of "burglary" does not require forced entry, and includes any "building or structure," not only residences. Because the district court concluded properly that Beckman's Alaska burglary conviction constitutes a "violent felony" for purposes of the ACCA, we find

no error in the district court's application of the ACCA's mandatory minimum sentence.

AFFIRMED.