UNITED STATES of America, Appellee,

v.

Avery SMITH, Appellant.

No. 90–1125.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1990.

Decided Oct. 29, 1990.

Henry Thomas, St. Louis, Mo., for appellant.

Howard Marcus, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before JOHN R. GIBSON and FAGG, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

Avery Smith appeals the 15–year sentence imposed by the district court upon a jury verdict on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Section 924(e)(1) mandates an enhanced 15–year minimum term for a person who violates section 922(g)(1) and has three prior convictions for violent felonies. On appeal, Smith argues the district court erred in (1) joining for trial the three counts of felon in possession for which he had been indicted; (2) using a prior second-degree burglary conviction for enhancement purposes; (3) refusing to give the jury an instruction on the defense of insanity; and (4) reading a stipulation of his prior convictions to the jury. We affirm.

In order to gain a severance of properly joined charges, a defendant must make a "persuasive and detailed showing regarding the testimony he would give on the one count he wishes severed and the reason he cannot testify on the other counts." *United States v. Possick*, 849 F.2d 332, 338 (8th Cir.1988). Denial of a motion to sever will be grounds for reversal only where there has been an abuse of discretion resulting in clear prejudice. *Id.* Although Smith argues that he set forth several specific matters in his motion for relief from prejudicial joinder showing the prejudice he might encounter in the trial of this case, in fact he made no showing of testimony he would give or any need of refraining from testifying. Additionally, Smith makes no showing of prejudice in his brief on appeal, nor is there any indication in the record that Smith's defense was prejudiced. The fact that the jury reached three different outcomes on the three counts of the indictment indicates that the jury did not confuse the evidence presented on the counts. Furthermore, the evidence of guilt on the count of conviction was overwhelming.

Pursuant to *Taylor v. United States*, —— U.S. ——, ——, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607, 627 (1990), the second-degree burglary conviction qualifies as a violent felony for enhancement purposes:

We conclude that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.

Smith's burglary conviction clearly fits within this definition. In fact, the *Taylor* definition of burglary for sentence enhancement purposes mirrors the relevant Missouri definition of second-degree burglary. *See* Mo.Rev.Stat. § 560.070 (1969). Consequently, the burglary conviction was properly used for enhancement purposes.[1]

▪ Smith's remaining claims are also meritless. Smith did not give the government notice of intent to rely on an insanity defense before trial as required by Fed.R. Crim.P. 12.2(a) or give the district court a proposed jury instruction until after the trial was over. Smith did not object to the district court reading the stipulation concerning his prior felonies to the jury, and there is no indication in the record that Smith was prejudiced by it. Section 922(g)(1) requires proof of at least one prior felony, and this court has held that it is not error to allow the government to prove more than one conviction when only one need be proved. *See United States v. Blade*, 811 F.2d 461, 466 (8th Cir.), *cert. denied*, 484 U.S. 839, 108 S.Ct. 124, 98 L.Ed.2d 82 (1987). This evidence was presented in a nonprejudicial manner, and there is no support in the record for Smith's claim on appeal that he had agreed to stipulate to his conviction record on the premise that the stipulation would not be read to the jury.

Accordingly, we affirm.

---

**1.** If this was not the case, then section 924(e)(1) might not have been triggered, since two of Smith's prior convictions arose from a single criminal incident, and the law is clear that multiple convictions for felonies committed during a single criminal episode cannot be counted as separate convictions for sentence enhancement purposes. *See United States v. Towne*, 870 F.2d 880, 889 (2d Cir.1989); *United States v. Rush*, 840 F.2d 580, 581 (8th Cir.1988) (same ruling under precursor statute to section 924(e)(1)).