8 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward LOPEZ, Jr., aka Edward Junior-Lopez, Defendant-Appellant.
 No. 92-50334.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 7, 1993.
Submission Vacated May 27, 1993.
Resubmitted July 26, 1993.
Decided Oct. 6, 1993.
 
 Before: FARRIS, NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edward Lopez, Jr. appeals his jury conviction for possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (1988). He also appeals his sentence as an armed career criminal under 18 U.S.C. § 924(e) (1988) and as a career offender under the United States Sentencing Guidelines. We affirm the conviction but vacate the sentence and remand for resentencing.
 
 FACTS
 
 3
 Lopez was arrested on September 5, 1990, during the course of a police investigation at an apartment where drugs allegedly were being sold. Lopez's arrest followed a pat-down search of his person that revealed a handgun and six rounds of ammunition. Following this arrest, Lopez's state parole was revoked, and he was sentenced to one year in a California correctional facility.
 
 
 4
 On October 17, 1990, Lopez was charged with an unrelated state criminal offense. He subsequently demanded a speedy trial on this state charge. After the jury hung on the state charge, Lopez entered a plea of guilty and was sentenced by the state court to six years in prison.
 
 DISCUSSION
 I. INTERSTATE AGREEMENT ON DETAINERS ACT
 
 5
 The Interstate Agreement on Detainers Act, 18 U.S.C. app. II, § 1 et seq. (1988), "provides a procedure by which a prisoner against whom a detainer has been filed can demand a speedy disposition of the charges giving rise to the detainer." United States v. Mauro, 436 U.S. 340, 351 (1978). Under article III of the Act, once a prisoner requests a "speedy disposition," the government has 180 days to bring the prisoner to trial.
 
 The 180-day period can be tolled:
 
 6
 In determining the duration and expiration dates of the time periods provided in articles III and IV of this agreement, the running of said time periods shall be tolled whenever and for as long as the prisoner is unable to stand trial, as determined by the court having jurisdiction of the matter.
 
 
 7
 18 U.S.C. app II, art. VI(a).
 
 
 8
 Lopez was indicted by a federal grand jury for being a felon in possession of ammunition on November 7, 1990. A federal detainer for Lopez was lodged with the San Diego County Jail--where Lopez was awaiting trial on the state charge--on November 26, 1990. Lopez filed his demand for a speedy disposition of the federal indictment on or about November 27, 1990. His federal trial did not commence until December 10, 1991.
 
 
 9
 The district court denied Lopez's motion to dismiss the indictment. The court held that the period between Lopez's demand and the time he began serving his state sentence for the unrelated state charge, April 8, 1991, was excludable. It also tolled the 180-day period for delay occasioned by Lopez's pretrial motions. After excluding these delays, the court determined that only 127 days elapsed between Lopez's demand and his federal trial.
 
 
 10
 Lopez contends that the district court erroneously excluded the period during which the state proceedings against him were pending. We reject the contention. Lopez vigorously asserted his speedy trial rights in the state court. Consequently, the State had to proceed against him promptly. See Cal.Penal Code § 1382 (West 1988). Had Lopez been transferred to federal custody for trial on the federal charge prior to the conclusion of the state proceedings against him, he undoubtedly would now be alleging a violation of his right to be tried promptly by California.
 
 
 11
 The purpose of the Detainers Act was to promote " 'expeditious and orderly disposition' of untried complaints against prisoners." United States v. Reed, 910 F.2d 621, 625 (9th Cir.1990) (quoting 18 U.S.C. app. II, § 2, art. I). This purpose would be thwarted were we to permit Lopez to pit his state speedy trial rights against his Detainers Act rights in an effort to force a dismissal of untried charges against him.
 
 
 12
 We hold that Lopez was "unable to stand trial" within the meaning of the Interstate Agreement on Detainers Act during the pendency of the proceedings against him in state court. See United States v. Mason, 372 F.Supp. 651, 653 (N.D.Ohio 1973). The running of the Detainers Act clock properly was tolled by the district court. We therefore affirm the denial of Lopez's motion to dismiss the indictment.
 
 
 13
 II. REFUSAL TO REOPEN THE SUPPRESSION HEARING
 
 
 14
 The district court denied Lopez's pretrial motion to suppress evidence, which was based on Lopez's allegation that the ammunition was seized unlawfully. After his conviction, Lopez moved to reopen the suppression hearing on the ground of newly discovered evidence. This motion became part of Lopez's motion for judgment of acquittal.
 
 
 15
 Lopez presented the affidavits of two persons who allegedly witnessed the circumstances surrounding Lopez's entry into the drug house and the subsequent seizure of the ammunition. These affiants had been arrested while attempting to purchase heroin at the drug house minutes before Lopez's arrival. The district court denied Lopez's motion for lack of diligence and for cause.
 
 
 16
 To justify a new trial on grounds of newly discovered evidence, a criminal defendant must show that: (1) the evidence is newly discovered; (2) the failure to discover the evidence sooner was not due to lack of diligence; (3) the evidence is material to the issues at trial; (4) the evidence is neither cumulative nor impeaching; and (5) the evidence indicates that a new trial would probably result in acquittal. United States v. Sitton, 968 F.2d 947, 959-60 (9th Cir.), cert. denied, 113 S.Ct. 478 (1992) and cert. denied, 113 S.Ct. 1306 (1993). We evaluate Lopez's motion for a new suppression hearing under this same test.
 
 
 17
 The transcript from the August 18, 1991 suppression hearing reveals that Lopez was aware that others were issued citations at the scene of his arrest. The record of that hearing demonstrates that citations were issued against both affiants. Lopez did not obtain copies of the citations until on or about December 6, 1991. Lopez had from August to December to discover the "evidence." We find no error in the denial of Lopez's motion.
 
 III. SUFFICIENCY OF THE EVIDENCE
 
 18
 Lopez argues that the government did not introduce sufficient evidence to prove that he was a felon. Under 18 U.S.C. § 922(g)(1), the government is required to show that the defendant has been convicted of a felony punishable by imprisonment for more than one year. However, Lopez does not deny that he was a felon. Moreover, the government introduced sufficient evidence to show that he was. Michael Casto, a California Department of Corrections parole agent, testified that he was Lopez's parole agent and that Lopez must have been a felon because, under California law, only persons convicted of felony offenses are subject to parole. Casto's testimony was unrebutted.
 
 
 19
 Lopez next argues that even if the evidence sufficed to show that he was a "felon," which it did, that is not enough to sustain his conviction. He argues that the government must prove that he was convicted of "a crime punishable by imprisonment for a term exceeding one year," 18 U.S.C. § 922(g)(1), and that proof of his status as a convicted felon is insufficient to discharge that burden.
 
 
 20
 Lopez's argument fails. Under California law all felonies are punishable by incarceration for more than one year. See Cal.Penal Code § 18 (West 1988) ("Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony, ... is punishable by imprisonment in any of the state prisons for 16 months, or two or three years....").
 
 
 21
 Finally, Lopez argues that because the government set forth in the indictment four specific felonies of which he allegedly had been convicted, the government was obligated to provide specific evidence of at least one of those felonies. We reject the argument. The specific offenses constitute surplusage. The material fact in the indictment is that Lopez had been convicted of a felony. Thus, the government was not required to prove one of the specific felonies charged in the indictment. Although the government is required to prove that the defendant has been convicted of a felony, it is not required to prove that he has been convicted of a specific felony. Lopez does not deny that he was aware of the charge against him--the charge that he had been convicted of a felony. Nor does he contend or show that the government's method of proving the prior felony constituted a surprise, that he was unprepared to rebut the showing, or that he was in any other way prejudiced by the government's proof. See United States v. Smith, 919 F.2d 67, 69 (8th Cir.1990) (finding no error where the manner in which the government proved that the defendant was a felon did not prejudice the defendant).
 
 IV. CONSTRUCTIVE AMENDMENT OF THE INDICTMENT
 
 22
 Lopez argues that the district court constructively amended the indictment when it instructed the jury that the term "ammunition" includes cartridge cases, primers, bullets, and propellant powder.
 
 
 23
 "A constructive amendment of an indictment occurs when the evidence produced at trial supports a crime other than that charged in the indictment." Alvarez, 972 F.2d at 1003. Lopez maintains that the crime of being a felon in possession of ammunition in or affecting commerce differs from the crime of being a felon in possession of cartridge cases or bullets in or affecting commerce. He argues that he was indicted for the former crime but that the proof at trial supported only a conviction for the latter.
 
 
 24
 Section 922(g)(1) provides that it shall be unlawful for any felon to "possess in or affecting commerce, any firearm or ammunition...." 18 U.S.C. § 922(g)(1). The term "ammunition" is defined in § 921(a)(17)(A): " 'ammunition' means ammunition or cartridge cases, primers, bullets, or propellent powder...." There is but one offense--that set out in § 922(g)(1). That offense--felon in possession of ammunition--was the offense of indictment and of conviction. The indictment was not constructively amended.
 
 V. SENTENCING
 
 25
 After determining that Lopez was both a career offender and an armed career criminal, the district court sentenced him to 360 months incarceration.
 
 A. Career Offender
 
 26
 The district court erred in sentencing Lopez as a career offender. A conviction for being a felon in possession of ammunition is not a conviction for a "crime of violence" within the meaning of the career offender guideline, U.S.S.G. § 4B1.1. See United States v. Sahakian, 965 F.2d 740, 742 (9th Cir.1992); Alvarez, 972 F.2d at 1007. We vacate Lopez's sentence and remand for resentencing without application of § 4B1.1.
 
 B. Armed Career Criminal
 
 27
 Lopez contends that the district court erred in finding that he was an armed career criminal under 18 U.S.C. § 924(e). Section 924(e) mandates a minimum term of incarceration of fifteen years for "a person who violates section 922(g) of this title and has three previous convictions ... for a violent felony...." 18 U.S.C. § 924(e)(1). The term "violent felony" is defined by the Act to include burglary. 18 U.S.C. § 924(e)(2)(B)(ii). Lopez argues that his four prior convictions for burglary do not qualify as predicate felonies under the Act.
 
 
 28
 An offense constitutes "burglary" for purposes of § 924(e) if either its statutory definition substantially corresponds to "generic" burglary, or the charging paper and jury instructions actually required the jury to find the elements of "generic" burglary. Alvarez, 972 F.2d at 1005 (citing Taylor v. United States, 495 U.S. 575, 601 (1990)). Generic burglary contains "at least the following elements: an unlawful or unprivileged entry into or remaining in a building or other structure, with intent to commit a crime." Taylor, 495 U.S. at 598.
 
 
 29
 Lopez argues that the statute under which he was convicted, Cal.Penal Code § 459 (West 1988), is broader than the generic definition and that therefore the sentencing court must determine whether generic burglary was proven. The district court specifically found that the elements of generic burglary were established, a finding that is not clearly erroneous. Lopez contends that the court erred by relying on the charging documents and the fact that Lopez pled guilty. He argues that in ascertaining whether he was convicted of generic burglary, the district court should have relied instead on the plea allocution.
 
 
 30
 The California burglary statute is broader than generic burglary; it lacks the requirement that the entry be unlawful, and it includes entry into places other than buildings. United States v. O'Neal, 937 F.2d 1369, 1373 (9th Cir.1990); see also, Taylor, 495 U.S. at 2154 (noting breadth of Cal.Penal Code § 459). Thus, the district court correctly proceeded to inquire into whether generic burglary was demonstrated.
 
 
 31
 In O'Neal, we held that Taylor did not limit this inquiry to cases where a defendant was convicted by jury. O'Neal, 937 F.2d at 1373. Rather, we held that a defendant may be sentenced under the Armed Career Criminal Act where the predicate felony convictions were "based on guilty pleas to charges that contain all the elements of generic burglary." Id. We noted that the sentencing court in such cases would still be limited to reviewing the charging papers and the resulting judgment of conviction; otherwise, the mandate of Taylor--that no inquiry be made into the underlying facts--would be compromised. Id.; but cf. United States v. Sweeten, 933 F.2d 765, 769-70 (9th Cir.1991) (district court may, in addition to considering the judgment of conviction, consider other documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction under the Armed Career Criminal Act).
 
 
 32
 Permitting the sentencing court to review the plea allocution is inconsistent with our decisions in O'Neal and Taylor. We do not revisit the facts of a prior conviction.
 
 
 33
 Lopez does not argue, nor can he, that the charging instruments in his prior burglary convictions fail to meet the generic definition of burglary. See Appellee's Supplemental Excerpts of Record at 119, 122, 133, 138.
 
 
 34
 The district court did not err in finding that Lopez was an armed career criminal.
 
 
 35
 We do no reach the dispute regarding the possible sentence on remand. We decline the invitation to issue an advisory opinion.
 
 
 36
 The conviction is affirmed. We vacate the sentence and remand for resentencing without application of U.S.S.G. § 4B1.1.
 
 
 37
 AFFIRMED in part, REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3