108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward LOPEZ, Jr., Defendant-Appellant.
 No. 96-50111.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 7, 1997.
Decided Feb. 13, 1997.
 
 1
 Before: FLETCHER and TROTT, Circuit Judges, and JENKINS, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Following three prior remands by this court, Edward Lopez, Jr. appeals his 180-month sentence for possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), and for being an armed career criminal, in violation of 18 U.S.C. § 924(e). Lopez contends that the district court erred in sentencing him as an armed career criminal because three of the change of plea forms from his four predicate prior convictions indicated that he pled guilty only to "entry" rather than "illegal entry" of a structure. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 Following a jury conviction on December 11, 1991 for possession of ammunition, the district court determined that Lopez was an armed career criminal under 18 U.S.C. § 924(e). The district court also determined that Lopez was a career offender under USSG § 4B1.1. On appeal, the Ninth Circuit, in an unpublished memorandum, affirmed Lopez's conviction and the district court's determination that Lopez was an armed career criminal. United States v. Lopez, No. 92-50334, 1993 WL 394924, at * 4 (9th Cir. Oct. 6, 1993) ("Lopez I "). The court, however, reversed the career offender determination, and remanded the case for resentencing. Id.
 
 
 5
 "Under the law of the case doctrine, one panel of an appellate court will not as a general rule reconsider questions which another panel has decided on a prior appeal in the same case." Merritt v. Mackey, 932 F.2d 1317, 1320 (9th Cir.1991) (internal quotations and brackets omitted). Although an appellate panel's observance of the doctrine is discretionary, a prior decision should be followed unless 1) the decision is clearly erroneous and its enforcement would work a manifest injustice, 2) intervening controlling authority makes reconsideration appropriate, or 3) substantially different evidence was adduced at a subsequent trial. Hegler v. Borg, 50 F.3d 1472, 1475 (9th Cir.), cert. denied, 116 S.Ct. 675 (1995).
 
 
 6
 Applying these principles, we exercise our discretion to invoke the law of the case doctrine, and we decline to review the district court's determination that Lopez is an armed career criminal. In Lopez I, Lopez made arguments virtually identical to those he raises in this appeal:
 
 
 7
 Lopez contends that the court erred by relying on the charging documents and the fact that Lopez pled guilty. He argues that in ascertaining whether he was convicted of generic burglary, the district court should have relied instead on the plea allocution.
 
 
 8
 Lopez I, 1993 WL 394924 at * 4 (emphasis added). The only ascertainable difference in Lopez's new argument is that he urges us to rely on the change of plea forms, rather than the plea allocution. Both arguments merely urge the court to look beyond the charging instrument. The Lopez I panel declined to do so, concluding that "[t]he district court did not err in finding that Lopez was an armed career criminal." We decline to revisit the issue previously decided in Lopez I.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Honorable Bruce S. Jenkins, Senior District Judge for the District of Utah, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3